**IN THE COURT OF APPEALS OF IOWA**

No. 23-1173
Filed April 10, 2024

**IN THE INTEREST OF P.A., D.A., A.A., and C.A.,**
**Minor Children,**

**C.A., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Mitchell County, Karen Kaufman Salic, Judge.

A father appeals the termination of his parental rights to his four children. **AFFIRMED.**

C.A., Osage, self-represented appellant father.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney General, for appellee State.

Mark A. Milder of Mark Milder Law Firm, Denver, attorney and guardian ad litem for minor children.

Considered by Bower, C.J., and Greer and Chicchelly, JJ.

**CHICCHELLY, Judge.**

A father appeals the termination of parental rights to his four children: A.A., born in 2018; P.A., born in 2019; C.A., born in 2020; and D.A., born in 2022. The father asks us to reverse the termination based on alleged constitutional violations and a lack of reasonable efforts.[1]

The four children came to the attention of the Iowa Department of Health and Human Services (HHS) based on allegations of the parents' substance use, domestic violence, and child neglect. The parents were initially motivated to work towards reunification, but this progress was short-lived. The father struggled to maintain sobriety. He told HHS that he was participating in multiple services, but he provided no evidence of this progress and did not sign the necessary releases. He further failed to comply with HHS's requests for drug testing and was unsuccessfully discharged from substance-use treatment. Over the life of the case, the parents had multiple charges for domestic violence against each other, and this resulted in a no-contact order that prevented the father from engaging in services and visits. When his visits were reinstated, HHS's concerns grew because the children's behaviors became more aggressive.

During the proceedings, the father went through four attorneys, stating, "I have not been satisfied with the performance of the prior assigned public defenders appointed to represent me in these cases." He chose to forego appointed counsel and represented himself for the remainder of the proceedings.

---

[1] The mother's rights were also terminated to the four children at the same time. While she filed a notice of appeal, she voluntarily dismissed her appeal. We therefore do not discuss her in our analysis.

The juvenile court gave him multiple opportunities to have counsel appointed, but the father maintained that he wanted to represent himself.

By the permanency hearing, the father still had not complied with either drug or paternity testing. At the termination hearing, HHS testified that the father had only attended one of the children's many therapy sessions, failed to regularly comply with drug testing, never graduated from fully supervised visits, and had not fully addressed the domestic-violence concerns. But by this point, he had complied with paternity testing and was confirmed as the biological father of all four children. The father also testified on his own behalf that he was making progress with securing a job, driver's license, and housing. But because he had not adequately addressed HHS's other major concerns, the juvenile court terminated the father's parental rights to all four children. The father appeals.

Our review of termination proceedings is de novo. *See In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). Though not binding, we give weight to the court's fact findings, especially those regarding witness credibility. *See* Iowa R. App. P. 6.904(3)(g); *C.B.*, 611 N.W.2d at 492. Generally, termination-of-parental-rights proceedings involve a "three-step analysis," where we determine whether statutory grounds for termination have been met, if the best interests of the child support termination, and whether we should apply permissive exceptions to termination. *In re A.B.*, 957 N.W.2d 280, 294 (Iowa 2021) (citation omitted). The father fails to address any of these steps, and we limit our analysis to the contested issues. *Cf. In re J.F.*, No. 19-1647, 2020 WL 110404, at *1 (Iowa Ct. App. Jan. 9, 2020) ("But when, as here, the parent's claims only relate to one step in our analysis, we only address that step.").

The father first contends that he was provided "inadequate representation through any of the assigned attorneys" throughout the proceedings and was effectively forced to self-represent. *See* Iowa Code § 232.89(1) (2023) (granting parents a statutory right to counsel in child-in-need-of-assistance proceedings). But the father chose to represent himself at the proceedings despite the juvenile court's warnings that the decision "carries with it some risk" and "could result in the termination of your parental rights." The father expressed he understood that he would "be basically navigating [the proceedings] without the assistance of an attorney" and was still willing to self-represent. The juvenile court asked him *again* just before the termination hearing, and the father repeated that he wanted to represent himself. We therefore find no merit in this claim because he voluntarily waived his statutory right to counsel.

Next, the father argues he was restricted from accessing "crucial evidence" in violation of his Sixth Amendment right to fair trial. There are three issues with this contention. First, the Sixth Amendment right to a fair trial is limited to criminal matters, and this is a termination-of-parental-rights proceeding. *See* U.S. Const. amend. VI (granting "the right to a speedy and public trial" "[i]n all criminal prosecutions"). Second, while we recognize his due process rights, *see In re T.S.*, 868 N.W.2d 425, 432 (Iowa Ct. App. 2015) (recognizing a "protected liberty or property interest at stake" in termination-of-parental-rights proceedings), the father was never denied access to the evidence in this case. The electronic document management system (EDMS) was available to him, but the father chose not to use it. While the district court generously offered the clerk of court's assistance in mailing some documents and filings, this was not required. In fact, all

self-represented litigants must register for and use EDMS. Iowa R. Elec. P. 16.302(1). The father is no exception. Third, this issue is not properly preserved for our review. When the evidence was introduced at the termination hearing, the self-represented father did not object to its admission. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) (finding "that issues must ordinarily be both raised and decided by the district court" to preserve them for appellate review). The father has not shown that his constitutional rights were violated.

The father then alleges the juvenile court wrongly relied on inaccuracies in the record when terminating his parental rights. For example, in the court's ruling on termination, the dates of removal and adjudication were incorrect (each used dates subsequent court orders were filed), and the petition was mistakenly dated May 23, 2034. These are clear clerical errors, and we therefore decline to consider the father's contention that the court somehow acted improperly based on the mistakes. *See In re H.C.*, No. 16-1961, 2017 WL 512798, at *2 (Iowa Ct. App. Feb. 8, 2017) ("[W]e decline to place form over substance and waste judicial resources on what was clearly a [typographical] error."). To the extent that the father disagrees with any credibility findings, we give deference to the juvenile court's fact findings. *See C.B.*, 611 N.W.2d at 492.

Finally, the father loosely asserts that the reasonable-efforts requirement has not been met. *See* Iowa Code § 232.102(6) (requiring HHS to "make every reasonable effort to return the child to the child's home as quickly as possible consistent with the best interests of the child"). But a reasonable-efforts challenge requires the parent to make an affirmative objection to the services offered as inadequate, which the father did not do. *See In re L.M.*, 904 N.W.2d 835, 839–40

(Iowa 2017). Because he failed to object "*prior* to the termination hearing," he "waives the issue" and can no longer challenge it on appeal. *See T.S.*, 868 N.W.2d at 442 (citation omitted). We therefore find the father's reasonable-efforts claim is waived.

Because the father's constitutional rights were not violated and his remaining issues are waived, we affirm the termination of the father's parental rights.

**AFFIRMED.**